UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL WILSON,

    Plaintiff,

    v.      CAUSE NO.: 3:19-CV-1123-JD-MGG

RON NEAL, et al.,

    Defendants.

OPINION AND ORDER

Michael Wilson, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Wilson alleges that, since July 12, 2019, he has been housed in a disciplinary housing unit at the Indiana State Prison. In this cell, there are many rats and cockroaches, and he is forced to drink dirty water. Wilson seeks money damages.

Wilson asserts Eighth Amendment conditions of confinement claims against Warden Neal and Lieutenant Taylor because they are generally responsible for the inmates in disciplinary housing. In evaluating an Eighth Amendment conditions of confinement claim, the court conducts both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective inquiry asks whether the alleged deprivation is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* Inmates are entitled to be provided with adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). The subjective inquiry asks whether the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Additionally, for constitutional claims under 28 U.S.C. § 1983, "liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). While Wilson may have a valid claim, he does not describe how Warden Neal or Lieutenant Taylor are aware of his housing conditions or are otherwise personally involved with this claim. Therefore, he may not proceed against them on this complaint.

Nevertheless, Wilson may file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If he chooses to file an amended complaint, he should

obtain the court's approved form from the prison law library, and he must put the case number of this case on it, which is on the first page of this order. In the amended complaint, he should describe his interactions with each defendant in detail, including names, dates, location, and explain how each defendant was responsible for harming him.

For these reasons, the court:

(1) GRANTS Michael Wilson until February 3, 2020, to file an amended complaint; and

(2) CAUTIONS Michael Wilson that, if he does not respond by that deadline, this case will be dismissed without further notice.

SO ORDERED on January 2, 2020

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT